JABEZ C. WOODMAN, JR., *versus* SILAS H. CHURCHILL.

The deposition of a person, taken while he is under sentence of death, having been convicted of murder, is made legal testimony by c. 53 of the laws of 1861, which provides that "no person shall be incompetent to testify in *consequence* of having been convicted of any criminal offence."

Where a party attempted to impeach the character of a witness for truth, and it appeared that the witness had lived many years in a certain town, the other party was allowed to inquire of witnesses introduced to sustain his character — "what is his general character for truth *in that town?*" — It was held, that the form of the question, in respect to reputation and *locality*, must depend on the testimony in regard to the position and business of the witness.

EXCEPTIONS from the ruling of CUTTING, J.

*Vinton & Dennett,* in support of exceptions.

*J. C. Woodman,* contra.

The questions presented by the exceptions will fully appear from the opinion of the Court, which was drawn up by

DAVIS, J. — By c. 53 of the laws of 1861, it is provided that "no person shall be incompetent to testify in any court,

or proceeding at law, *in consequence* of having been convicted of any criminal offence."

George Knight was convicted of murder in the first degree; and, while under sentence of death therefor, his deposition was taken by the defendant, to be used in the case at bar. This was one mode of testifying in the case. The question would not seem to require any argument. He was clearly within the terms of the statute. And, whether his incompetency, before the statute, arose from " infamy" or " civil death," or both, each of these was a " *consequence* of having been convicted." The statute therefore prevented either of them from rendering him " incompetent to testify." His deposition was properly admitted.

The reputation of Isaac Knight, another witness, having been attacked, the plaintiff had the right to sustain him. Knight having been proved to have lived in Poland for many years, a witness was asked,—" what is his general reputation for truth *in Poland ?*"

The question in such cases should be a general one, upon the examination in chief, not only in regard to the *reputation*, but in regard to *locality*. It would not be proper to restrict it to a small space, nor to a few persons. Nor, on the other hand, should the question be broader than the reputation. The extent of this differs in different persons. The form of the question in this respect must depend on the testimony in regard to the position or business of the person whose character is attacked. Under the circumstances proved in this case, the question is not materially different from the usual form, " among his neighbors," or, " where he is known," or, " in the place where he resides." It was for the excepting party to make it appear that the place to which the question was limited was too large, or too small, or not the right place, to make it a fair test of the general reputation. As this does not appear, the exceptions must be overruled.

APPLETON, C. J., KENT, WALTON and DICKERSON, JJ., concurred.